RECEIVED

JAN 1 3 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MELODY KERSHAW, ET AL. | CIVIL ACTION NUMBER: 6:13-2588 |
| VERSUS | JUDGE DOHERTY |
| NABORS DRILLING, USA, LP, ET AL. | MAGISTRATE JUDGE HANNA |

## RULING

This wrongful death and survival action was brought by Melody Kershaw ("plaintiff") on behalf of her minor children with Antonio Hernandez ("decedent"), arising from a workplace accident wherein decedent was fatally executed. The incident occurred at an oil/gas well site located in Texas. At the time of the incident, decedent was working as a Solids Control Supervisor for Kraemer-Shows Oilfield Services, LLC. Named as defendants are Sanchez Oil and Gas Corporation (operator of the subject well) and Nabors Drilling USA, LP (the drilling contractor of the subject well). Jurisdiction over this matter is based upon diversity of citizenship.

On July 15, 2014, the Court ordered the parties to either stipulate to the law applicable to the tort claim, or file a pocket brief or motion addressing the law applicable to the tort claim. [Doc. 54] The Court is now in receipt of the parties' pocket briefs addressing the law applicable to the tort claim. [Doc. Nos. 67, 68] For the following reasons, the Court finds the law of the State of Texas is the law applicable to the tort claim pending before this Court.

"In diversity cases, federal courts are obliged to apply the choice of law rules of the forum state." *Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 311 (5th Cir. 2000). Accordingly, Louisiana's choice of law rules apply. *See* La. Civ. Code arts. 3515, *et seq.* Louisiana Civil Code article 3542 sets forth Louisiana's general choice of law rule for tort claims. *Id.* Tort claims are "governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." *Id.* The state whose policies would be most seriously impaired "is determined by evaluating the strength and pertinence of the relevant policies of the involved states" after considering the factors provided in that Article. *Id.* Plaintiff argues this language requires Louisiana substantive law to apply, because "Defendants should have reasonably known that by hiring a Louisiana company with Louisiana employees, they were subjecting themselves to Louisiana law, regardless of where an accident took place." [Doc. 68, p.3]

Plaintiff overlooks that article 3542 is merely the general choice of law rule applicable to tort claims. La. Civ. Code art. 3542, cmt. (a); *see also McGee v. Arkel Intern., LLC*, 671 F.3d 539, 543 (5th Cir. 2012). As discussed by the Fifth Circuit:

> The Article's introductory language limits its reach: "Except as otherwise provided in this Title...." *Id.* art. 3542. A comment states that Article 3542 "is further implemented by specific rules contained in Articles 3543–3546" and, because Articles 3543–3546 are more specific, they should, "when applicable, prevail over" Article 3542. *Id.* art. 3542 cmt. (b); *see generally Wartelle v. Women's & Children's Hosp., Inc.*, 704 So.2d 778, 783 (La.1997) ("While the revision comments do not form part of the law, they were presented together with the proposed legislation and illuminate the understanding and intent of the legislators.").

*McGee* at 543.

A rule more specific to the facts before this Court is found in La. Civ. Code art. 3543, which provides, "Issues pertaining to standards of conduct and safety are governed by the law of the state

in which the conduct that caused the injury occurred, if the injury occurred in that state or in another state whose law did not provide for a higher standard of conduct." *Id.* "In explaining this Article's relationship to Article 3542, the comments make clear that Article 3543 will 'prevail' over Article 3542 when its rules are 'more specific' to the issues." *McGee* at 543 (quoting La. Civ. Code art. 3543, cmt. (b)). "The law of the state in which both the wrongful conduct and resulting injury occurred will apply 'regardless of the domicile of the parties or any other factors.'" *Id.* (quoting La. Civ.Code art. 3543 cmt. (d)). In this matter, the alleged wrongful conduct and the resulting injury occurred at an oil/gas well site in Texas, and therefore La. Civ. Code art. 3543 applies. Accordingly, Texas's substantive law applies to the merits of the tort claim.

    THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this __13__ day of January, 2015.

```
                              REBECCA F. DOHERTY
                              UNITED STATES DISTRICT JUDGE
```